**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**

**CARLOS GONZALES DEL VALLE,
A# 021-461-341,**

    Petitioner,

vs.                                               Case No. 4:17cv446-MW/CAS

**JEFF SESSIONS, et al.,**

    Respondents.

                                       /

**ORDER and REPORT AND RECOMMENDATION**

On October 4, 2017, the pro se Petitioner initiated this case by filing a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. ECF No. 1. Petitioner is a native and citizen of Cuba who was ordered removed from the United States on March 18, 2013. *Id.* Petitioner was taken into ICE custody on March 3, 2017. *Id.* Petitioner alleges that "ICE has been unable to remove [him] to Cuba or any other country." *Id.* at 4, 5. Petitioner says the "Cuban Embassy has failed to issue travel documents," resulting in his prolonged detention. *Id.* at 4. Petitioner seeks release from detention pursuant to Zadvydas v. Davis, 533 U.S. 678 (2001).

Finding the petition sufficient, service was directed and Respondents required to show good cause why the petition should not be granted. ECF No. 4. Respondents have now filed a motion to dismiss, ECF No. 10, asserting that the petition is moot because Petitioner was released under an order of supervision. Attached to the motion is an exhibit revealing that Petitioner was released from detention on October 30, 2017. ECF No. 10-1. Therefore, because Petitioner has been afforded the relief sought, release from detention, this § 2241 petition should now be dismissed as moot.

Additionally, the prior Order, ECF No. 4, directed Petitioner to "immediately file a notice of change of address with this Court should he be released from detention, transferred to another detention facility, or otherwise re-located." ECF No. 4 at 4. Respondents have shown that Petitioner was released over five weeks ago, yet Petitioner did not alert this Court to his change of address. That failure to act demonstrates that Petitioner has abandoned this litigation.

Finally, the motion to dismiss contains a certificate of service which indicates the document was provided to Petitioner at "his address of release, 312 NE 11th Place, Cape Coral, Florida 33909." ECF No. 10 at 4; *see also* ECF No. 10-1 at 9. The Clerk of Court shall forward this Report

and Recommendation to Petitioner at that address. If Petitioner disputes that this case is moot, he must immediately file "objections" and a notice of change of address.

**ORDER**

It is **ORDERED** that the Clerk of Court shall forward this Report and Recommendation to Petitioner at 312 NE 11th Place, Cape Coral, Florida 33909, and his address of record at the Wakulla County Jail.

**REPORT AND RECOMMENDATION**

In light of Respondents' demonstration that Petitioner has been released and Petitioner's apparent abandonment of this case, it is respectfully **RECOMMENDED** that the § 2241 petition be **DISMISSED as moot** since Petitioner has been granted the relief sought in the petition.

**IN CHAMBERS** at Tallahassee, Florida, on December 5, 2017.

    S/    Charles A. Stampelos
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). A copy of the objections shall be served upon all other parties. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b)(2). <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control.</u> If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.